IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

AT&T CORPORATION,

       Plaintiff,      Case No. 3:02 CV 7516

   -vs-

              MEMORANDUM OPINION

LUCAS COUNTY, et al.,

       Defendant.

KATZ, J.

 This case involves the forced relocation of a telecommunication cable so that the City of Toledo could build a baseball stadium over a portion of Superior Street. Plaintiff AT&T Corp. brings claims for breach of contract, fraud, negligent misrepresentation, and uncompensated takings - brought directly and via 42 U.S.C. § 1983. Pending are cross-motions for summary judgment (Doc. Nos. 44 and 45 respectively. Defendant has filed a Response (Doc. No. 49) and a Reply (Doc. No. 53), and Plaintiff has filed a combined Response and Reply (Doc. No. 52). Defendant's motion is granted; Plaintiff's motion is denied.

**Background**

 In the Fall of 1999, AT&T sought permission from the City to install an underground fiber optic telecommunication cable under North Erie Street. The City denied the request

and instead approved a route for the cable under Superior Street. On December 6, 1999, AT&T submitted a Letter of Intent to "perform and conduct construction" under Superior Street and submitted a $100 payment per Section 717.04(a) of the Toledo Municipal Code for a "Permit to Install a Telecommunications System" and a $3,885 payment for an "Application for Utility Work in the Public Right of Way." The City granted the permit and approved the application.

In February of 2000, AT&T installed the cable under Superior Street. On June 9, 2000, however, Lucas County's engineering consultants sent AT&T a letter notifying AT&T that the County intended to purchase several properties in downtown Toledo in order to build a baseball stadium, and that all underground utilities in the area, including the newly laid cables under Superior Street, would have to be removed.

AT&T submitted a cost estimate to the County and demanded reimbursement for the relocation of the cables. On September 15, 2000, Toledo Mayor Carleton Finkbeiner informed the County that the City would not pay for the relocation. The City subsequently approved a new route for the displaced cables and AT&T relocated them. In May 2002, AT&T again demanded reimbursement from the County. The County denied the request.

### Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a

2

matter of law." Fed. R. Civ P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "the Court is not required or permitted ... to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

## Discussion

### Constitutional Claims

Plaintiff claims the forced removal of these lines constitutes an improper taking without compensation in violation of the Ohio Constitution and the United States Constitution. Plaintiff's right, however, to maintain the cables under Superior Street was not absolute. Section 221 of the *Toledo Charter* provides:

4

> All rights granted for the construction and operation of public utilities shall be subject to the continuing right of the Council to require such reconstruction, relocation, change, or discontinuation of the appliances used by the utility in the streets, alleys, avenues and highways of the City, as in the opinion of the Council shall be necessary for the public interest.

Section 717.03 of the Toledo Municipal Code similarly provides:

> Every telecommunications permit shall be a nonexclusive permit continuing in full force and effect for a period of ten years so long as the permittee is in compliance with all the terms and conditions in this chapter, and the space occupied by the permittee's facilities in the public right of way is not needed for a public purpose.

Each of these provisions granted the City of Toledo the power to require the cables be moved when the public interest so required.

Such deference to the public interest is in line with Supreme Court precedent on the issue. In *New Orleans Gaslight Co., v. Drainage Commission of New Orleans*, 197 U.S. 453, 462 (1905), the Court held that, when a utility company makes use of the public right of way, the municipality may require the company to relocate its equipment at its own cost when the public welfare so requires. As the Sixth Circuit stated in *Tennessee v. United States*, 256 F.2d 244, 256 (6th Cir. 1958):

> [T]he law is well established that a statutory, permissive right of use of public highways by public utilities is subordinate to the rights of the public; that the original location of . . . facilities in a public highway does not create an irrevocable right to have such poles and facilities remain forever in the same place; and that a utility company may be required to relocate its lines at its own expense when such relocation is demanded by public necessity and for public safety and welfare.

Because none of the Plaintiff's property was taken, Plaintiff's loss is *damnum absque*

*injuria*. *New Orleans Gaslight Co.*, 197 U.S. at 462.

### State-Law Claims

Defendants move for summary judgment on plaintiff's state law claims for breach of

contract, negligent misrepresentation, and fraud. Plaintiff has not opposed defendants' motion

as to negligent misrepresentation or fraud. Moreover, defendants' motion is well-taken as to

these claims. Plaintiff's claim for negligent misrepresentation against the City of Toledo is

barred by O.R.C. 2744.02(A)(1), which provides political subdivisions with immunity from tort

claims in connection with governmental or proprietary functions.

Plaintiff's fraud claim cannot stand in light of the principle that fraud cannot be sustained

where the allegedly concealed facts were equally knowable to all parties. *Columbia Gas*

*Transmission Corp v. Ogle*, 51 F. Supp. 2d 866 (S.D. Ohio 1997). Here, the possibility of

building the new stadium over that section of Superior Street was widely publicized and

reported, including the front page of *The Blade*. (Jt. Stip. Ex. A-2).

Because the City of Toledo is immune from tort liability relating to governmental

functions and the allegedly concealed facts were knowable to all parties, defendants' motion will

be granted as to Counts Two and Three.

Plaintiff also alleges that it is entitled to compensation under Ohio's Relocation

Assistance Statute, O.R.C. § 163.51 et seq. Eligibility for reimbursement under this statute,

however, requires that federal funds were used in the project. *AT&T v. City of Toledo*, 351 F.

6

Supp. 2d 744, 749 (N.D. Ohio 2005) (Katz, J.); O.R.C. 163.51(A)-(E). Because there is no

evidence that federal funds were used in this project, the statute is inapplicable, and summary

judgment shall properly be entered for defendants on this claim.

As to plaintiff's breach of contract claim, it is well-established that neither the state nor

a municipality may bargain away its police power. *E.g. Tennessee*, 256 F.2d at 256-57. Because

locating cables is an established element of the police power, *see id*., defendants could not have

properly contracted it away. Further, plaintiff's breach of contract claim rests on the idea that

they were not compensated for a "taking," as required by Toledo Municipal Code §§ 717.03(a)

and 717.05(f). Because the grant itself was explicitly conditioned on the City's right to displace

the lines for a public purpose, there was no taking and thus, no violation.

### Conclusion

Because defendants' right to require plaintiff to move the cable at its own cost was

both a condition of the grant and within the state's and municipality's inherent powers,

Defendant's Motion for Summary Judgment (Doc. No. 45) is granted. Plaintiff's Motion for

Summary Judgment (Doc. No. 44) is denied.

IT IS SO ORDERED.

   S/ *David A. Katz*
   DAVID A. KATZ
   SENIOR U. S. DISTRICT JUDGE